**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CIRCLE LANES, INCORPORATED,
Plaintiff-Appellant,

v.

No. 95-1976

TIME INC., a Delaware Corporation;
NED ZEMAN,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
John A. MacKenzie, Senior District Judge.
(CA-94-164-4)

Submitted: June 28, 1996

Decided: July 31, 1996

Before NIEMEYER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Henry Neill Ware, Jr., COOK & WARE, P.C., Richmond, Virginia;
David Nicholls Montague, LAW OFFICES OF DAVID MONTA-
GUE, Hampton, Virginia, for Appellant. David John Branson,
DAVID J. BRANSON, P.C., Washington, D.C.; Benjamin M. Mason,
Shannon T. Mason, Jr., MASON & MASON, Newport News, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Circle Lanes, Inc. ("Circle Lanes") appeals the district court's order adopting the magistrate judge's recommendation and granting Appellees' motion to dismiss for failure to state a claim. Finding no reversible error, we affirm.

Circle Lanes filed this action in Virginia state court. Appellees timely removed the case to federal court and filed a joint motion to dismiss the case. The matter was referred to a magistrate judge. After a hearing on the matter, the magistrate judge recommended granting the motion. Following de novo review of those portions of the magistrate judge's report to which Circle Lanes objected, 28 U.S.C. § 636(b)(1) (1988), the district court adopted the report and granted the motion to dismiss.

This case arises from an article written by Appellee Ned Zeman and appearing in the October 25, 1993, issue of S PORTS ILLUSTRATED, published by Appellee Time, Inc. The article was entitled Southern Discomfort and recounted the events surrounding a fight in a bowling alley in Hampton, Virginia. The bowling alley is owned and operated by Circle Lanes. The incident was highly publicized with allegations that it was racially motivated. The incident resulted in criminal convictions for four young black men, including Allen Iverson, a local high school athlete of national prominence.

Circle Lanes filed suit against Zeman and Time, Inc., claiming that it had been harmed by false, libelous and defamatory statements in the article. The alleged offensive language in the article is found in the first three paragraphs:

> TO THE PEOPLE OF HAMPTON, VA., THE case of
> Allen Iverson -- one of the greatest high school basketball

2

stars the state has produced -- comes down to one odious word: <u>Nigger</u>. It is among the most incendiary words in the American vernacular, and by 1993 it was only occasionally heard around town . . . . Black teenagers hardly ever heard the word unless it was spoken by one of them. . . .

After last Feb. 13, however, everything changed. That was when Iverson, then 17, and a bunch of friends-- . . . all black--headed to Circle Lanes to bowl some games .. . . The woman at the counter sent them to the end of the alley, to a lane against the wall. To Michael Simmons, the tight end who has been a pal of Iverson's since grade school, that always seemed to happen. <u>You boys, over there</u> . . . .

When Iverson began thinking cheeseburger, more than one friend offered to go with him to the snack bar on the other side of the alley. Over by a group of white guys.

Ned Zeman, <u>Southern Discomfort</u>, SPORTS ILLUSTRATED, Oct. 25, 1993, at 46.

Circle Lanes was named one other time in the article, in the second to last paragraph, which reads, "Circle Lanes has changed its name, and its owner says business is off." However, Circle Lanes did not mention that statement in its complaint.

To sustain an action for libel in Virginia, the plaintiff must show: (1) publication; (2) an actionable statement; and (3) requisite intent. <u>Chapin v. Knight-Ridder, Inc.</u>, 993 F.2d 1087, 1092 (4th Cir. 1993). To be actionable, a statement must "`tend[ ] so to harm the reputation of another as to lower him in the estimation of the community or deter third persons from associating or dealing with him.'" <u>Id.</u> (quoting Restatement (Second) of Torts § 559). Merely offensive or unpleasant statements are not defamatory. <u>Id.</u>

The magistrate judge properly found that the article did not attribute to Circle Lanes any improper conduct or motives, biased policies, or mistreatment of customers. Thus, the magistrate judge concluded that the language of the article is not actionable.

3

The magistrate judge next looked to the conduct of the employee, who was not named in the article. A plaintiff may not bring a defamation action unless the subject statements concern the plaintiff. General Products Co. v. Meredith Corp., 526 F. Supp. 546, 550 (E.D. Va. 1981). The only statement attributed to a Circle Lanes employee was, "[t]he woman at the counter sent them to the end of the alley, to a lane against the wall." Looking at the plain and natural meaning of those words, it is not apparent that there was any corporate policy of treating African-Americans differently from others on the basis of their race. Therefore, the district court correctly held that Circle Lanes failed to show actionable language.

Circle Lanes asserts that the magistrate judge erred in his analysis of the facts of the case. Specifically, Circle Lanes believes that the implied racial motive behind the lane assignment statement should be obvious to anyone. Circle Lanes also asserts that the plain and natural meanings of the words used in the article are defamatory because an ordinary reader would find them to be false statements which tend to injure reputation. The district court found, however, that while the article is "an example of extremely poor journalism, it is not defamatory." The bowling alley is mentioned by name only twice in the article and only in connection with the events of one evening. The district court found it implausible that one isolated encounter with an employee could establish that Circle Lanes practiced segregation of customers or treated customers differently based upon their race. We agree with the district court. Moreover, the district court properly found that the language in the article does not rise to the level of harming Circle Lanes' reputation to the extent required by Chapin.

Finally, Circle Lanes objected to the relatively minor significance that the magistrate judge attached to the issue of falsity of the statements in the article. However, defamation law clearly holds that to state an actionable claim, the statements must not only be false, but also defamatory. Chapin, 993 F.2d at 1092. Because the district court properly found that the statements are not defamatory, it did not err in declining to consider whether the statements were false.

Accordingly, we affirm the district court's order granting Appellees' motion to dismiss this action for failure to state a claim. We dis-

4

pense with oral argument upon Appellant's unopposed motion to submit the case on the briefs.

AFFIRMED